W. S. COOPER'S ADM'R *v.* LOUISVILLE & NASHVILLE RAILROAD CO.

**Appeals.**
> An appeal can only be taken from a final judgment.

**Bill of Exceptions.**
> Where the appellant obtained a verdict against the appellee, and on motion it is set aside and a new trial granted, such appellant, who has prepared his bill of exceptions, is entitled to have it signed by the judge, although no appeal could be taken until the final determination of the case.

APPEAL FROM MARION COURT OF COMMON PLEAS.

November 18, 1879.

OPINION BY JUDGE PRYOR:

This is an appeal prosecuted from an order made in a cause still pending, and in which no final judgment has been rendered.

The appellant obtained a verdict against the appellee, and on motion this verdict was set aside and a new trial granted. The appellant, with a view of saving the questions made on this trial, and

with a view of securing the verdict, prepared his bill of exceptions, and the judge declined to sign the bill, for the reason, as is stated, that no appeal could be taken until the final determination of the case. While this was error this court cannot correct it, as the action is still pending and there is no judgment from which an appeal may be prosecuted. A party obtaining a verdict that is set aside is entitled to have his bill of exceptions signed in order that he may show the error, if any, on the part of the court in disregarding the finding. Although a new trial has been granted the party aggrieved has the right to have the whole case from its institution to its final determination made part of the record. If the judge refuses to sign a bill of exception, the code provides the manner in which the exceptions may be had and identified.

The reason assigned by the judge for declining to sign the exceptions can not confer on this court any revisory power. The party in this case has no more right to an appeal from the order in this case than he would from an order refusing the filing of an amended petition or a demurrer. There must be a final judgment before an appeal can be taken.

Appeal *dismissed*.

*Russell & Arritt, for appellant. Rountree & Lisle, for appellee.*